# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 MAY -3 P 3: 06

| | |
|---|---|
| DAWNN MCCLEARY-EVANS, | |
| Plaintiff | |
| v. | CIVIL NO. JKB-12-2928 |
| MD. DEP'T OF THE ENVIRONMENT, | |
| Defendant | |

## MEMORANDUM

### I. Background

Plaintiff Dawnn McCleary-Evans has sued the Maryland Department of the Environment for failure to hire her due to alleged race, gender, and age discrimination. (Compl., ECF No. 1.) The Department has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6) or, in the alternative, for summary judgment under Rule 56. (ECF No. 4.) The Court has considered the motion, Plaintiff's response in opposition (ECF No. 8), and the Department's reply thereto (ECF No. 11). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). The motion will be granted and the case will be dismissed for lack of jurisdiction.

### II. Standard for Dismissal under Rule 12(b)(1)

The burden of proving subject-matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting challenge may be either facial, *i.e.*, complaint fails to allege facts upon which subject-matter jurisdiction can be based, or factual, *i.e.*, jurisdictional allegations of complaint are not true). *See also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (same); *Richmond, Fredericksburg & Potomac Ry. Co.*, 945 F.2d 765, 768 (4th Cir.

1991) (same). In the case of a factual challenge, it is permissible for a district court to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

## III. Analysis

The question to be resolved is whether Plaintiff timely filed her employment discrimination suit. Under the governing statutes, a suit of this kind must be filed within ninety days after receipt of a notice from the Equal Employment Opportunity Commission ("EEOC") of the right to sue. 29 U.S.C. § 626(e) (deadline applicable to suits for age discrimination); 42 U.S.C. § 2000e-5(f)(1) (deadline applicable to suits for race and gender discrimination). If it is not timely filed, then the suit must be dismissed for lack of subject-matter jurisdiction. *See Staton v. Newport News Cablevision*, 769 F.2d 200, 200 (4th Cir. 1985).

Plaintiff alleged that the EEOC issued its notice of right to sue on June 29, 2012. She further alleged that the mailing was postmarked on July 2, 2012, and "she did not receive [it] until a number of days after the postmarked date." (Compl. ¶ 15.) The Department has noted that her suit was filed on October 2, 2012, which was ninety-five days after the date of the EEOC notice and ninety-two days after the alleged postmarked date of the notice. Plaintiff would receive the benefit of the three-day "mailbox rule" of Federal Rule 6(d) if she could prove the date of postmark, in which case her filing date would have been within the ninety-three days allotted. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (allowing three days for mail service under then-Rule 6(e) for presumed receipt of right-to-sue letter from EEOC). Since the Department has made a factual challenge to the Court's subject-matter jurisdiction, it is incumbent upon Plaintiff to provide admissible evidence of the date of postmark. This she has failed to do. She has rested upon her allegations, which do not suffice as admissible evidence. *Compare Ragland v. Macy's*, Civ. No. JKB-11-3106, 2011 WL 6370365

2

(D. Md. Dec. 19, 2011) (evidence in form of exhibit to defendant's motion to dismiss showed postmark, thereby allowing calculation by Court of ninety-day limitation and three-day mailbox rule). Without evidence of the postmark on a later date, the Court must calculate the ninety-day period from the date Plaintiff has alleged as the date of the EEOC notice. So considered, Plaintiff's lawsuit was filed too late.[1]

*IV. Conclusion*

Because Plaintiff's case was filed beyond the permissible filing period, this Court is without jurisdiction. A separate order of dismissal will be entered.

DATED this 3 day of May, 2013.

BY THE COURT:

James K. Bredar
United States District Judge

---

[1] The Department also has a valid claim of Eleventh Amendment immunity to Plaintiff's age discrimination claim, but that issue need not be addressed given the dismissal for lack of subject-matter jurisdiction.